**JOHNSON FISTEL, LLP**
Frank J. Johnson (SBN 174882)
FrankJ@johnsonfistel.com
Brett M. Middleton (SBN 199427)
BrettM@johnsonfistel.com
Kristen O'Connor, Esq. (SBN 305113)
KristenO@johnsonfistel.com
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

*Counsel for Plaintiff Luke Kahnert*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUKE KAHNERT, derivatively on behalf of ACTIVISION BLIZZARD, INC., <br><br>Plaintiff, <br><br>v. <br><br>ROBERT A. KOTICK, BRIAN KELLY, REVETA BOWERS, ROBERT CORTI, HENDRIK HARTONG III, BARRY MEYER, ROBERT MORGADO, PETER NOLAN, DAWN OSTROFF, DENNIS DURKIN, SPENCER NEUMANN, and CASEY WASSERMAN, <br><br>Defendants, <br><br>-and- <br><br>ACTIVISION BLIZZARD, INC., a Delaware Corporation, <br><br>Nominal Defendant. | Case No. 2:21-cv-08968 <br><br>**PLAINTIFF LUKE KAHNERT'S APPLICATION TO FILE UNDER SEAL CERTAIN PORTIONS OF THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT PURSUANT TO CIVIL LOCAL RULE 79-5** <br><br>DEMAND FOR JURY TRIAL |

PLAINTIFF'S APPLICATION TO FILE UNDER SEAL CERTAIN PORTIONS OF THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT PURSUANT TO CIVIL LOCAL RULE 79-5

Pursuant to and in accordance with Civil Local Rule 79-5 of the Central District of California, Plaintiff Luke Kahnert ("Plaintiff") respectfully submits his application for leave to file certain portions of his verified shareholder derivative complaint (the "Complaint") under seal (the "Application"). The basis for this application is set forth below as to excerpts of documents designated "Confidential" by Defendant Activision Blizzard, Inc. ("Activision" or the "Company") which are referenced in the Complaint. This application seeks the Court's permission for Plaintiff to file under seal the portions of the Complaint that excerpt, refer to, or describe material designated as "Confidential Information" by Defendant Activision Blizzard, Inc. ("Activision") and the individual defendants (collectively, "Defendants").

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2021, Counsel for Plaintiff and counsel representing Defendants entered into a Confidentiality Agreement (the "Agreement") related to obtaining certain non-privileged documents and information considered to be non-public, confidential, proprietary or commercially sensitive information of the Company. Pursuant to the parties' Agreement, Plaintiff is required to file under seal any document containing or referencing "Confidential Information." The Agreement designates the Agreement and all information derived therefrom as "Confidential Information" subject to all terms and conditions of the Agreement. Plaintiff submits this Application consistent with the parties' Agreement.

## II.    LEGAL AUTHORITY

"Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The decision to seal judicial records is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599; *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "[T]he court must balance the public's common law right of access against interests favoring nondisclosure." *United States v. $4,480,466.16 in Funds Seized from Bank of Am.*

1

PLAINTIFF'S APPLICATION TO FILE UNDER SEAL CERTAIN PORTIONS OF THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT PURSUANT TO CIVIL LOCAL RULE 79-5

*Account Ending in 2653*, No. 3:17-CV-2989-D, 2018 WL 4096340, at *5 (N.D. Tex. Aug. 28, 2018) (quoting *Van Waeyenberghe*, 990 F.2d at 848).

### III. REQUEST TO SEAL PORTIONS OF THE COMPLAINT

In accordance with the Agreement, Plaintiff requests that the unredacted version of the Complaint be filed under seal initially, as it contains references and quotes from books and records that Activision has designated "Confidential." Plaintiff takes no position as to whether the portions of the Complaint that excerpt, refer to, or describe material designated as "Confidential Information" warrants sealing. Plaintiff does not request indefinite sealing of the Complaint and only moves to seal these portions of the Complaint to satisfy the requirements of the parties' Agreement.

Pursuant to Local Rule 79-5.2.2(b), counsel for Plaintiff and counsel for Defendants initially conferred regarding the redactions included in the Complaint more than three days prior to the filing of the Complaint. Counsel for Defendants did not object to the redactions included in the Complaint.

### IV. CONCLUSION

Pursuant to Civil Local Rule 79-5 and in accordance with the Agreement, Plaintiff requests this Court grant the application to file under seal the verified shareholder derivative complaint. This Application is supported by the accompanying Declaration of Brett M. Middleton, which identifies portions of the Complaint that references or quotes documents designated as "Confidential Information" pursuant to the Agreement, the accompanying proposed order, and the redacted and unredacted versions of the Complaint filed concurrently herewith.

Respectfully submitted,

Dated: November 15, 2021         JOHNSON FISTEL, LLP

         */s/ Brett M. Middleton*
         BRETT M. MIDDLETON

FRANK J. JOHNSON
KRISTEN O'CONNOR
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
BrettM@johnsonfistel.com
FrankJ@johnsonfistel.com
KristenO@johnsonfistel.com

*Counsel for Plaintiff Luke Kahnert*

# CERTIFICATE OF SERVICE

I, Brett M. Middleton, hereby certify that on November 15, 2021, I filed the foregoing with the Clerk of the Court, and served counsel for Defendants via email, a method of service on which the parties previously agreed. I further certify that I caused the unredacted version of the Verified Shareholder Derivative Complaint to be served on counsel for Defendants via email.

                                      */s/ Brett M. Middleton*
                                      BRETT M. MIDDLETON