KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Defendants Robert A. Kotick,
Brian Kelly, Reveta Bowers, Robert Corti,
Hendrik Hartong III, Barry Meyer, Robert
Morgado, Peter Nolan, Dawn Ostroff, Dennis
Durkin, and Casey Wasserman, and Nominal
Defendant Activision Blizzard, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE KAHNERT, derivatively on behalf of ACTIVISION BLIZZARD, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. KOTICK, BRIAN KELLY, REVETA BOWERS, ROBERT CORTI, HENDRIK HARTONG III, BARRY MEYER, ROBERT MORGADO, PETER NOLAN, DAWN OSTROFF, DENNIS DURKIN, SPENCER NEUMANN, and CASEY WASSERMAN, <br><br> Defendants, <br><br> and <br><br> ACTIVISION BLIZZARD, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 2:21-cv-08968-PA-JEM <br><br> **DECLARATION OF OMER SALIK IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE UNDER SEAL CERTAIN PORTIONS OF THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT PURSUANT TO CIVIL LOCAL RULE 79-5** |

I, Omer Salik, declare as follows:

1.      I am Vice President, Litigation and Intellectual Property at Activision Blizzard, Inc. ("Activision" or the "Company"), and am a member in good standing of the State Bar of California.  I make this declaration on Activision's behalf pursuant to Local Rule 79-5.2.2(b)(i) in support of Plaintiff Luke Kahnert's Application to File Under Seal Certain Portions of the Verified Shareholder Derivative Complaint Pursuant to Civil Local Rule 79-5 [Dkt. No. 5], filed in this action on November 15, 2021.  I have personal knowledge of the matters set forth in this declaration and, if called upon, could testify competently thereto.

2.      Activision is Delaware corporation with its headquarters in Santa Monica, California.  The Company is a leading global developer and publisher of interactive entertainment content and services.  It is a publicly traded company with approximately 9,500 employees and a member of the Fortune 500 and S&P 500.

3.      I have reviewed the Verified Shareholder Derivative Complaint (the "Complaint" [Dkt. No. 1]), filed in this action on November 15, 2021.  Paragraphs 7-9, 106-08, 111-16, 118-22, 124-27, 130-43, 151, 153-57, 162-72, 174-76, 180-84, 192, 202-04, 216-18, 239-42, 252, 254, 258, 266-71, 274, 276, 283, 291-92, 333 and 335 of the Complaint, and accompanying footnotes, quote and describe confidential materials provided to or concerning meetings of Activision's Board of Directors ("Board"), Audit Committee and Compensation Committee (the "Confidential Materials").

4.      These Confidential Materials contain highly sensitive information about the Company's business, internal processes, Board and Committee functions and deliberations, compliance efforts, and personnel matters.  This includes information that was reported to the Company through its confidential reporting channels, as well as confidential and sensitive internal discussions and regulatory investigations into information that was reported through such channels.

5.      Activision maintains such information in strict confidence and does not disclose it to the public.  Disclosure of this highly sensitive confidential information in a

document available to the public could compromise the privacy interests of third parties and severely harm Activision, its business, its compliance processes, its competitive position, its ability to encourage reporting of issues and concerns through its reporting channels, and its ability to recruit and retain personnel.

6.    The Confidential Materials quoted and described in the Complaint were obtained by Plaintiff in his capacity as a stockholder of Activision, pursuant to an inspection demand made pursuant to Section 220 of the Delaware General Corporation Law, 8 Del. C. § 200.  On September 28, 2021, prior to providing these documents, Activision entered into a written confidentiality agreement with Plaintiff, attached hereto as Exhibit 1.  That agreement provided, among other things, that Plaintiff and his counsel would maintain the confidentiality of the contents of documents designated by the Company as "Confidential Information."  The agreement further provided that, to the extent that Plaintiff makes any court filing which discloses the contents of Confidential Information, Plaintiff would comply with the applicable requirements in that court for filing such materials under seal and would take all steps reasonably necessary to ensure the continued confidentiality of the Confidential Information, including by entering into a reasonable protective order with all parties to the litigation sufficient to protect the Confidential Information from disclosure.  All of the confidential materials quoted and described in the Complaint, as reflected in Paragraphs 7-9, 106-08, 111-16, 118-22, 124-27, 130-43, 151, 153-57, 162-72, 174-76, 180-84, 192, 202-04, 216-18, 239-42, 252, 254, 258,  266-71, 274, 276, 283, 291-92, 333 and 335 (and accompanying footnotes), were expressly designated by the Company as "Confidential Information" when they were provided to Plaintiff.

7.    Although there is a "strong presumption in favor of access to court records," the public's right of access "is not absolute and can be overridden given sufficiently compelling reasons for doing so."  *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV 18-6809-MWF (MRWx), 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

This Court's Local Rules state that Activision may "establish[] that all or part of the designated material is sealable" either by "showing good cause" or by "demonstrating compelling reasons."  L.R. 79-5.2.2(b)(i).

8.     Courts in this district and elsewhere in the Ninth Circuit have held that maintaining confidentiality over documents that reveal confidential proprietary business information and sensitive third-party personal information constitutes a compelling reason to seal such documents.  *See Baleja v. Northrop Grumman Space & Missions Sys. Corp.*, 2020 WL 3213708, at *2 (C.D. Cal. Mar. 26, 2020) (citing *Lathrop v. Uber Techs., Inc.*, 2016 WL 9185001, at *3 (N.D. Cal. May 6, 2016)); *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013).

9.     The Confidential Materials also contain third-party personal information and is further protected by Local Rule 5.2-1, which requires parties to redact court filings "to protect any sensitive and private information."  L.R. 5.2-1.

10.     These materials are also contained within confidential Board and committee materials.  As courts in the Ninth Circuit have recognized, businesses have a compelling interest in maintaining confidentiality over confidential Board and committee materials that reflect proprietary business information.  *See Zest IP Holdings, LLC v. Implant Direct MFG. LLC,* 2015 WL 11201172 (S.D. Cal. Oct. 28, 2015) (granting motion to seal confidential board materials).

11.     An independent basis for permitting the Complaint to be filed under seal is to prevent the Private Securities Litigation Reform Act of 1995 ("PSLRA") from being undermined – specifically in connection with a parallel securities class action, *Cheng v. Activision Blizzard, Inc., et al.*, Case No. 2:21-cv-06240-PA-JEM (the "*Cheng* Action"), pending in this Court.  The *Cheng* Action, which is governed by the PSLRA, is based on alleged acts, statements and conduct similar to those underlying the present derivative action.  In fact, the Complaint in this action expressly cites and relies upon the *Cheng* Action.  *See* Complaint at 1:18-20.

12.    Among other things, the PSLRA imposes a stay on discovery in the *Cheng* Action until and unless a plaintiff survives a motion to dismiss. *Medhekar v. U.S. District Court*, 99 F.3d 325, 328-29 (9th Cir. 1996). As the Ninth Circuit has held, the purpose of the PSLRA's stay provision is to ensure that complaints in federal securities class actions – such as the *Cheng* Action – "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Id.* at 328. Defendants have not yet filed a motion to dismiss in the *Cheng* Action, and are scheduled to file that motion by January 11, 2022.

13.    Making Activision's confidential board materials publicly available means those materials could be used by plaintiff in the *Cheng* Action, in contravention of the PSLRA. Indeed, courts have recognized that the PSLRA would be undermined if documents provided to parties in actions such as this one were made available to plaintiffs in class actions (such as the *Cheng* Action) subject to the mandatory stay. *See In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1166-67 (S.D. Cal. 2008) (staying parallel derivative action because of the danger that discovery in the derivative case would "reach [class action] Plaintiffs before this Court has decided [the] dismissal motion" and therefore undermine the PSLRA); *see also Good v. De Lange*, 2011 WL 6886449, at *2-3 (S.D. Cal. Dec. 29, 2011) (staying discovery in parallel state court action to prevent federal class action plaintiff from "obtain[ing] discovery through public channels" in contravention of stay imposed by the Securities Litigation Uniform Standards Act). Similarly, Delaware courts have stressed that Section 220 – the mechanism by which plaintiff in this action obtained confidential Activision Board materials – should not be used in a manner that circumvents the PSLRA mandatory discovery stay. *See Beiser v. PMC-Sierra, Inc.*, 2009 WL 483329, at *3 (Del. Ch. Feb. 26, 2009) (noting that provision of documents pursuant to Section 220 may be appropriately conditioned on a confidentiality agreement to prevent the information from being shared with federal class action plaintiffs). Put simply, if the confidential information provided by Activision to plaintiff were made publicly available, the "court

files might . . . become a vehicle for improper purposes," and that conclusion warrants filing the Complaint under seal. *See Davis v. United States*, 2009 WL 10675173, at *1 (C.D. Cal. Dec. 18, 2009) (*quoting Kamanaka v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

14. In sum, because the Confidential Materials quote and describe documents that reveal confidential proprietary business information and sensitive third-party personal information and are contained within confidential Board and committee materials, because disclosure could compromise third-party privacy interests and severely harm Activision, and because disclosure of the Confidential Materials would contravene the PSLRA discovery stay, Activision has multiple compelling reasons for maintaining the confidentiality of the materials that Plaintiff seeks to file under seal through this Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 19, 2021 at Hermosa Beach, California.

Omer Salik