# Exhibit 1

## <u>CONFIDENTIALITY AGREEMENT</u>

**WHEREAS**, by letter dated September 10, 2021, **Luke Kahnert** (the "Stockholder") made a demand pursuant to 8 *Del. C.* § 220 (the "Demand") to inspect certain documents of **Activision Blizzard, Inc.** (the "Company");

**WHEREAS**, the Stockholder appointed **Johnson Fistel, LLP** ("Stockholder's Counsel") as its attorneys for purposes of the Demand; and

**WHEREAS**, the documents sought by the Stockholder include non-public, confidential, proprietary or commercially sensitive information of the Company;

**IT IS AGREED** by and between the undersigned counsel for the parties, this __ day of September 2021, as follows:

1.      The Company shall produce to the Stockholder and Stockholder's Counsel copies of certain non-privileged documents called for by the Demand.  All such documents to be produced by the Company are referred to herein as the "Confidential Information."  Confidential Information shall also include all notes, analyses, compilations, studies, interpretations or other documents which contain, reflect or are based upon, in whole or in part, material disclosed in response to the Demand.

2.      By producing the Confidential Information to the Stockholder and Stockholder's Counsel, the Company does not admit that the Stockholder has stated a proper purpose for the inspection of such information and expressly reserves the right to assert that: (i) the Demand does not comply with Delaware law; (ii) the Stockholder has not stated a proper purpose; (iii) the stated purposes are not the Stockholder's actual purposes; (iv) the stated purposes of the Demand do not have a credible basis; (v) the Demand is overly broad and seeks documents not reasonably related

1

to the Stockholder's stated purpose; and (vi) that for any other reason, the Stockholder is not entitled to the inspection demanded.

3.      The Stockholder is reserving all of its rights to seek to exercise or enforce its legal rights as a Stockholder of the Company, including its rights pursuant to 8 *Del. C.* § 220.

4.      The production of the Confidential Information is not, and will not be construed as, a waiver of any applicable privilege or immunity, including without limitation, the attorney-client privilege, the work product privilege or the bank examination privilege.

5.      The Company expressly reserves the right to withhold documents protected from disclosure by the attorney-client privilege, the work product privilege, the bank examination privilege or any other applicable privilege or doctrine. The Stockholder does not admit that documents withheld, if any, are properly subject to protection from disclosure by any claimed privilege or doctrine.

6.      The Company expressly reserves the right to object to the authenticity or admissibility into evidence in any action of any document or other material covered under the terms of this Agreement petition the Court of Chancery of the State of Delaware or other court of competent jurisdiction for a further protective order relating to any information or material the Company deems confidential.

7.      If information subject to a claim of attorney-client privilege, attorney work product or any other privilege or protection is inadvertently produced to the Stockholder or Stockholder's Counsel, such production shall in no way prejudice or otherwise constitute a waiver of any claim of privilege, work product, or other privilege or protection.  If a claim of inadvertent production is made with respect to information then in the custody of the Stockholder or Stockholder's Counsel, the Stockholder or Stockholder's Counsel shall promptly return the information and all copies

2

thereof to the Company, and the Stockholder or Stockholder's Counsel shall not use such information for any purpose.  Should the Stockholder or Stockholder's Counsel thereafter seek to compel production of such material, neither the Stockholder or Stockholder's Counsel shall assert the fact or circumstance of the inadvertent production as a ground for compelling production.

8.      The Stockholder, Stockholder's Counsel, and each of Stockholder's Counsel's Advisors (defined in Paragraph 10 below) covenant and agree that the Confidential Information shall be used only for the purposes stated in the Demand.

9.      The Stockholder, Stockholder's Counsel, and each of Stockholder's Counsel's Advisors represent and warrant that they are not participating in or supporting in any manner whatsoever any pending litigation against the Company or any of its officers or directors relating in any way, directly or indirectly, to the subject matter stated in the Demand, and that they will not disclose, directly or indirectly, Confidential Information to any party or counsel in any such litigation.

10.     Subject to the provisions of this Agreement, Stockholder's Counsel may provide Confidential Information to an Advisor only in the event that Stockholder's Counsel has received from such Advisor a duly executed Undertaking in the form attached hereto as Exhibit A.  For purposes of this Agreement, "Advisor" shall mean only such agents, legal and financial advisors, other legal counsel, consultants, or experts as the Stockholder or Stockholder's Counsel has retained for the purpose of fulfilling the purpose(s) stated in the Demand.  In addition, for a legal advisor other than Johnson Fistel, LLP, the Stockholder or Stockholder's Counsel must have first delivered a copy of the Advisor Undertaking to the Company pursuant to the notice provisions in Paragraph 17.  For a financial advisor or expert, the Stockholder or Stockholder's Counsel will provide the applicable Advisor Undertaking upon the Company's request, if the Company has a

3

good-faith belief that the financial advisor or expert may have disclosed the information in contravention of this Agreement.

11.    The Stockholder, Stockholder's Counsel, and each Advisor will keep the Confidential Information confidential and shall not disclose, publish, communicate, or transmit any of the Confidential Information to any person, either directly or indirectly. The Stockholder, Stockholder's Counsel, and each Advisor will not maintain or store the Confidential Information in such a way that creates an unreasonable risk of deliberate or inadvertent disclosure of the Confidential Information to others.

12.    If the Stockholder determines to commence a lawsuit using Confidential Information, the Stockholder and Stockholder's Counsel shall file the complaint under seal in accordance with Delaware Court of Chancery Rule 5.1(e) governing confidential treatment for complaints, or any analogous rule in the relevant jurisdiction.  In addition, the Stockholder and Stockholder's Counsel shall take all steps reasonably necessary to ensure the continued confidentiality of all Confidential Information, including but not limited to being willing to enter into a reasonable protective order with all parties in any litigation sufficient to protect the Confidential Information from disclosure.

13.    If the Stockholder or Stockholder's Counsel files a complaint asserting a claim relating to the subject matter of the Demand or based in whole or in part on any documents made available for inspection to the Stockholder or Stockholder's Counsel in response to the Demand, the Stockholder and Stockholder's Counsel agree that all documents produced within the agreed-upon scope of production in response to the Demand (which the parties shall document via email or other writing) shall be deemed incorporated by reference into any such complaint, and that in any motion to dismiss, a defendant may rely upon any or all of the Confidential Information

4

produced to the Stockholder and Stockholder's Counsel.  Notwithstanding the foregoing, any documents shall only be incorporated in any such complaint if, within fifteen (15) days of completion of its production, the Company provides written certification that, to the best of its knowledge and following a reasonable investigation, the Company's production is complete with respect to every category of documents that the Company agreed to produce.  Documents provided thereafter or outside the agreed-upon or relevant scope of production will not be subject to incorporation by reference.  Nothing in this provision constitutes a waiver of any objections applicable under Delaware law that Stockholder or the Company might have to the use of any Confidential Information.

14.     Stockholder's Counsel agrees that if the Stockholder decides that it does not intend to pursue the Demand any further, Stockholder's Counsel will promptly so inform the Company in writing.

15.     The Stockholder, Stockholder's Counsel, and each Advisor will destroy all Confidential Information in its original format and all copies thereof (including any notes or other documents created by the Stockholder, Stockholder's Counsel, or any Advisor that refer to such Confidential Information) upon completing the purposes described in the Demand and in no event later than thirty (30) days after:  (i) the entry of final judgment in any legal proceeding relating to the Demand or the enforcement of the Stockholder's rights as a stockholder of the Company; or (ii) the date on which Stockholder's Counsel informs the Company in writing that the Stockholder does not intend to pursue the Demand any further.

16.     If the Stockholder, Stockholder's Counsel, or any Advisor is requested (whether by interrogatory, subpoena, or any similar process relating to any legal proceeding, investigation, hearing or otherwise) to disclose any Confidential Information, Stockholder's Counsel and all

Advisors shall (i) provide the Company with prompt written notice, within five (5) business days of receipt of such request, so that the Company may seek a protective order or other appropriate remedy; and (ii) reasonably cooperate with the Company in pursuing any such course of action. In the event that a protective order or other remedy is not obtained, the Stockholder, Stockholder's Counsel, and any such Advisor shall disclose only such Confidential Information as they are legally compelled to disclose and shall exercise their reasonable best efforts to obtain assurances that confidential treatment will be accorded to any Confidential Information that is compelled to be disclosed.

17.     All notices and other communications under this Agreement shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt) by hand-delivery, e-mail, facsimile, or overnight courier, as follows:

| **If to the Company:** | **If to the Stockholder:** |
|---|---|
| Kevin P. Muck | Brett M. Middleton |
| Wilmer Cutler Pickering Hale and Dorr LLP | Johnson Fistel, LLP |
| One Front Street, Suite 3500 | 501 West Broadway, Suite 800 |
| San Francisco, CA 94111 | San Diego, CA 92101 |
| kevin.muck@wilmerhale.com | BrettM@johnsonfistel.com |

18.     This Agreement may be executed in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument.

19.     This Agreement may be modified or waived only by a separate writing executed by Stockholder's Counsel and the Company that expressly so modifies or waives this Agreement.

20.     Failure or delay in exercising any right, power or privilege hereunder shall not operate as a waiver thereof, and no single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise of any right, power or privilege.

21.     The Stockholder, Stockholder's Counsel, and all Advisors agree that any action brought to enforce this Agreement shall be heard and determined exclusively in the Delaware Court of Chancery (or, in the event that the Delaware Court of Chancery declines to accept jurisdiction over a particular matter, any state or federal court of competent jurisdiction located in Wilmington, Delaware).  The Stockholder, Stockholder's Counsel, and all Advisors consent to the personal jurisdiction of such courts in any such action, agree not to object to the laying of venue of any such action in such courts, and agree not to claim that any such court is an inconvenient forum.

22.     This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to its conflict of laws principles.

23.     The Stockholder, Stockholder's Counsel, and all Advisors agree that the Company would not have an adequate remedy at law in the event that this Agreement is breached, and agree that the Company will suffer irreparable harm and be entitled to seek specific performance and/or injunctive relief with respect to the terms hereof.  Such remedies shall not be deemed to be the exclusive remedies for any breach of this Agreement but shall be in addition to any other remedies to which the Company may be entitled at law or in equity.

24.     This Agreement constitutes the only agreement between each of the Stockholder's Counsel, and the Company with respect to the subject matter hereof and supersedes all prior agreements, understandings, negotiations and discussions, whether oral or written.

7

25.     This Agreement will be deemed to have been mutually prepared by the parties and will not be construed against any of them by reason of authorship.

26.     Each person signing this Agreement represents and warrants that he or she is authorized to do so and is authorized to bind the party on whose behalf the Agreement is signed.

27.     This Agreement shall be binding upon and inure to the benefit of the parties and their respective agents, executors, heirs, beneficiaries, successors, and assigns.


AGREED TO BY:



By: _____          By: _____

Brett M. Middleton                               Kevin P. Muck
Johnson Fistel, LLP                              Wilmer Cutler Pickering Hale and Dorr LLP
501 West Broadway, Suite 800                     One Front Street, Suite 3500
San Diego, CA 92101                              San Francisco, CA 94111
BrettM@johnsonfistel.com                         kevin.muck@wilmerhale.com

Counsel for Luke Kahnert                          Counsel for Activision Blizzard, Inc
Stockholder


Dated: September 28, 2021                         Dated: September 28, 2021

8

**EXHIBIT A**

**UNDERTAKING**

I, _____ certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of a confidentiality agreement entered into between **Luke Kahnert** and **Activision Blizzard, Inc.**, dated as of _____ __, 2021 (the "Confidentiality Agreement" or the "Agreement").   I have read the Confidentiality Agreement, I understand the terms of the Confidentiality Agreement, and I agree to be fully bound by the Confidentiality Agreement.

I expressly waive any and all objections to personal jurisdiction or to venue, including without limitation the inconvenience of such forum, in any of the courts of the State of Delaware.

I agree to the appointment of Johnson Fistel, LLP ("Stockholder's Counsel") as my agents for service of process for any suit, action, or other proceeding arising out of the Agreement or this Advisor Undertaking, and agree that notice pursuant to the terms of the Agreement constitutes effective service of process on me.

I understand that any violation of the terms of this Confidentiality Agreement will be subject to such relief as deemed appropriate by the Court.


Dated:  _____          Signature:  _____

                                      Name:
                                      Company:

9