UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Leave to File Second Amended Verified Derivative and Class Action Complaint ("Motion") filed by plaintiffs Luke Kahnert and Boyan Gigov (collectively, "Plaintiffs"). (Docket No. 39.) The matter is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the matter is appropriate for decision without oral argument.

**I.      Background**

Plaintiffs bring this shareholder derivative action on behalf of nominal defendant Activision Blizzard, Inc. ("Activision"). Within the operative Amended Verified Shareholder Derivative Complaint ("FAC") there are twelve individual defendants, including the ten current members of Activision's Board of Directors and two former Chief Financial Officers (collectively, "Defendants").[1] The FAC alleges that Defendants mismanaged, participated in, and concealed from investors a culture fostering sexual and racial harassment and discrimination at Activision. Based on those and other allegations, the FAC asserts six claims: (1) breach of fiduciary duties; (2) waste of corporate assets; (3) unjust enrichment; (4) derivatively for contribution under Sections 10(B) and 21D of the Exchange Act; (5) violations of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder; and (6) breach of fiduciary duty through the misappropriation of material, non-public information.

On January 17, 2022, Activision's Board of Directors unilaterally amended Activision's bylaws to include a forum selection bylaw requiring certain lawsuits to be litigated in Delaware.[2]

---

[1] The Board of Directors defendants are Robert Kotick, Brian Kelly, Reveta Bowers, Robert Corti, Hendrik Hartong III, Barry Meyer, Robert Morgado, Peter Nolan, Dawn Ostroff, and Casey Wasserman. The former Chief Financial Officer defendants are Dennis Durkin and Spencer Neumann.

[2] The forum selection bylaw states that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

Then, on January 18, 2022, Activision announced that it entered into an acquisition agreement with Microsoft Corporation ("Microsoft") for $95 per share in cash. Based on those developments, Plaintiffs moved for leave to file a Second Amended Verified Derivative and Class Action Complaint ("SAC") on January 31, 2022. The SAC re-alleges the pre-existing claims, but also includes allegations supporting two new individual and class claims related to the acquisition agreement: (1) against Activision's Board of Directors for breach of fiduciary duty in approving the proposed acquisition; and (2) against Microsoft for aiding and abetting Activision's Board of Directors' breach of fiduciary duty.

## II.  Legal Standard

Because the Court has not yet issued a Scheduling Order, Plaintiff's Motion is considered under Federal Rule of Civil Procedure 15. Rule 15 provides for amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>DCD Programs, Ltd., v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on

---

the Court of Chancery of the State of Delaware shall . . . be the sole and exclusive forum for (i) any derivative action or proceeding . . . (ii) any action asserting a claim of breach of a duty . . . owed by any current or former director, officer, stockholder, employee or agent of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim arising out of or relating to any provision of the General Corporation Law of the State of Delaware or the Corporation's Certificate of Incorporation or bylaws . . . or as to which the General Corporation Law of the State of Delaware confers jurisdiction on the Court of Chancery of the State of Delaware, or (iv) any action asserting a claim governed by the internal affairs doctrine; provided, however, that, in the event that the Court of Chancery of the State of Delaware lacks subject matter jurisdiction . . ., the sole and exclusive forum for such action or proceeding shall be another state or federal court located within the State of Delaware or, if no court of the State of Delaware has jurisdiction, then the United States District Court for the District of Delaware. Subject to the foregoing . . . the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act of 1933 . . . . Failure to enforce the foregoing provisions would cause the Corporation irreparable harm and the Corporation shall be entitled to equitable relief . . . to enforce the foregoing provisions. Any person or entity purchasing, otherwise acquiring or holding any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the foregoing provisions of this Article IX. The existence of any prior Alternative Forum Consent shall not act as a waiver of the Corporation's ongoing consent right as set forth above in this Article IX with respect to any current or future actions or claims.

(Decl. of Kevin P. Muck, Ex. B Art. IX, Docket No. 44-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

the merits rather than on pleadings or technicalities"). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). In this context, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

### III. Discussion[3]

Defendants present three arguments that Plaintiffs' proposed amendment is futile.[4] First, that the newly enacted forum selection bylaw controls and Plaintiffs' proposed individual and class claims must be heard in Delaware. See Krystal, Inc. v. China United Transp., Inc., No. 16-02406-RSWL-SPx, 2017 WL 6940544, at *7 (C.D. Cal. Apr. 12, 2017) (finding application of forum selection clause made amendment futile). Second, that Plaintiffs' proposed individual and class claims are not ripe. See Seider v. City of Malibu, No. CV 20-8781 PA (MRWx), 2021 WL 1535537, at *8 (C.D. Cal. Mar. 1, 2021) (finding leave to amend inappropriate where claims are not ripe). And third, that Plaintiffs' proposed amendment fails to plead sufficient facts to support a cause of action. See Malibu Textiles, Inc. v. Label Lane Int'l, Inc., No. CV 14-04054 PA (MANx), 2020 WL 2306110, at *3 (C.D. Cal. Jan. 16, 2020) ("A motion for leave to amend should be denied on futility grounds when 'no set of facts can be proved under the amendment . . . that would constitute a valid or sufficient claim or defense.'" (quoting B-K Lighting, Inc. v. Fresno Valves & Casting, No. CV 06-02825 MMM (PLAx), 2008 WL 11338299, at *3 (C.D. Cal. Jan. 7, 2008))).

#### A. The Forum Selection Bylaw

Defendants first contend that the forum selection bylaw, adopted the day before the acquisition agreement and two weeks before Plaintiffs filed the present Motion, applies to

---

[3] Defendants request that the Court take judicial notice of nine documents that can be found in public SEC filings and court filings. Plaintiffs do not oppose. The Court finds that these documents may be properly considered and thus takes judicial notice. See Dreiling v. Am. Exp. Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings subject to judicial notice); Ahlstrom v. DHI Mortg. Co., Ltd., L.P., 21 F.4th 631, 633 n.1 (9th Cir. 2021) (court filings and other matters of public record subject to judicial notice).

[4] Defendants do not contest the factors of bad faith, undue delay, prejudice, or prior amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

Plaintiffs' proposed individual and class claims. Federal law determines the validity and enforceability of a forum-selection clause. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009); LaCross v. Knight Transp., Inc., 95 F. Supp. 3d 1199, 1203 (C.D. Cal. 2015). "[F]orum selection clauses are presumptively valid." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (discussing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); and citing Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir. 1991)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Id. (quoting Bremen, 407 U.S. at 15). There are "three reasons that would make enforcement of a forum selection clause unreasonable: (1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Id. (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)); see Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013). "[A] party opposing enforcement of a forum selection clause must show that the inclusion of the forum clause itself was the product of fraud or overreaching." Joseph v. Amazon.com, Inc., No. C12-06256 HRL, 2013 WL 4806462, at *5 (citing Richards, 135 F.3d at 1297); see also Batchelder v. Kawamoto, 147 F.3d 915, 919 (9th Cir. 1998).

Plaintiffs do not argue or otherwise attempt to show that enforcement of the forum selection bylaw against the proposed individual and class claims would be unreasonable. See Murphy, 362 F.3d at 1140 (stating that fraud or overreaching, deprivation of court access, or contravention of strong public policy are the "three reasons that would make enforcement of a forum selection clause unreasonable"). Instead, Plaintiffs contend that venue is properly determined as of the date the initial complaint was filed, rather than at the time of amendment. Plaintiffs rely upon a Texas district court decision, Scrum Alliance, Inc. v. Scrum, Inc., No. 4:20-CV-227, 2021 WL 798310 (E.D. Tex. Feb. 26, 2021), where the parties contested whether an amended forum selection clause, adopted after litigation had already begun, controlled over the original forum selection clause. The Scrum court stated that

> [n]ormally, determining the enforceability of a forum-selection clause involves analyzing the reasonableness of enforcement itself. The immediate question, however, is which version of the Clause was in effect at the beginning of the litigation. Federal district courts in Texas have consistently held that "venue is determined at the time a complaint is filed." . . . Because the language regarding Texas was actually incorporated into the Clause a few months after Plaintiff filed the initial complaint, the Court cannot consider the change when analyzing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

> Clause's enforceability. . . . The modification may be entirely acceptable under Colorado law, but federal law governing forum-selection clauses froze the Clause's language when Plaintiff filed its initial complaint.

Id. at *3 (internal citations omitted). Plaintiffs believe Scrum is analogous to the present facts and urge this Court to similarly hold that "federal law governing forum-selection clauses froze the Clause's language when Plaintiff filed its initial complaint." Id. at *3.

Despite similarities, Plaintiffs' situation here differs from that in Scrum. While the dispute in Scrum concerned whether a newly amended forum selection clause applied retroactively to pending claims, the dispute here concerns the addition of new claims. Framed appropriately, the issue here is whether a forum selection bylaw applies to claims brought after its enactment, despite pending litigation involving the same subject matter. That issue has been resolved in the affirmative. See Murrey v. Minc, No. CV 20-6217 PA (SKx), 2021 WL 3772679, at *3 (C.D. Cal. Jan. 13, 2021) (finding that forum selection clause applied to new claims brought in an amended complaint); Fadal v. Machining Ctrs., LLC v. Mid-Atlantic CNC, Inc., No. CV 09-9019 CAS (Ex), 2010 WL 11530903, at *6 (C.D. Cal. Aug. 25, 2010) ("[I]t appears that the addition of the three parties would be futile because the Court lacks jurisdiction over them due to the forum selection provisions in each of the contracts at issue.").[5] As such, the Court finds Scrum inapplicable here.

Plaintiffs also argue that the forum selection bylaw is unenforceable because the wrongdoing occurred before its enactment. See Galaviz v. Berg, 763 F. Supp. 2d 1170, 1174-75 (N.D. Cal. 2011) (finding forum selection bylaw did not apply where "the venue provision was unilaterally adopted by the directors . . . after the majority of the purported wrongdoing is alleged to have occurred . . . without the consent of existing shareholders."). However, the Galaviz case Plaintiffs rely upon has been widely disapproved and rejected. See In re Stamps.com Inc. S'holder Derivative Litig., No. CV 19-4272-MWF (SKx), 2020 WL 3866898,

---

[5] Plaintiffs cite two additional cases to support their argument that the forum selection language is frozen when the initial complaint is filed, but neither embraces the issue. The first, Boren v. Harrah's Entertainment, Inc., No. CV0707004ODWAGRX, 2008 WL 11419050, at *3 (C.D. Cal. Feb. 13, 2008), states that "venue is determined as of the time the complaint was filed and is not affected by a subsequent change of parties" but concerned only whether a subsequent change of parties affects venue under 28 U.S.C. § 1391(a)(1). The second, St. Paul Mercury Indemnification Co. v. Red Cab Co., 303 U.S. 283, 289-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938), is likewise inapplicable, as it concerns whether removal jurisdiction still exists after developing events reveal the amount recoverable is below the statutory limit.

Case 2:21-cv-08968-PA-JEM Document 48 Filed 03/04/22 Page 6 of 9 Page ID #:1712

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | | Date | March 4, 2022 |
|---|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | | |

at *4-6 (C.D. Cal. July 8, 2020) (discussing the widespread rejection and improper reasoning of Galaviz before holding that "[b]ecause both Plaintiffs were on notice that the Board could unilaterally amend the Bylaws, the fact that the forum selection clause was adopted after they bought their shares, or even after the alleged wrongdoing occurred, does not make it unenforceable."). Plaintiffs do not address the argument that Galaviz is wrongly decided. (See Reply, Docket No. 45.) In line with In re Stamps.com, the Court finds that Plaintiffs' argument lacks merit.

Plaintiffs also argue that the Court should consider Plaintiffs' proposed individual and class claims as materially inseparable from their original claims, making any bifurcation pursuant to the forum selection bylaw inappropriate. Plaintiffs cite to Delaware caselaw holding that there is a claim for "a single, inseparable fraud" where a board of directors engages in pre-merger misconduct and then attempts to escape liability via the merger. See Ark. Teacher Ret. Sys. v. Countrywide Fin. Corp., 75 A.3d 888, 895-96 (Del. 2013) ("Countrywide") (discussing inseparable fraud theory for direct claims); In re Massey Energy Co., No. 5430-VCS, 2011 WL 2176479, at *30 n.199 (Del. Ch. May 31, 2011) ("Massey I") ("A board may not immunize itself from liability by ruining a corporation's value, and then selling the wreckage to a third-party who is acting in good faith."). Plaintiffs argue that under this doctrine, the proposed merger is merely the final step in a continuous course of misconduct, such that the proposed individual and class claims relate back to the original claims. However, Plaintiffs do not cite any cases holding that inseparable fraud prevents bifurcation. Plaintiffs rely solely on cases assessing whether amended complaints relate back to original complaints for statute of limitations purposes. See In re Brocade Commc'ns Sys., Inc. Derivative Litig., 615 F. Supp. 2d 1018, 1038-39 (N.D. Cal. 2009) (concerning whether a corporation taking over derivative litigation from the shareholders may relate an amended complaint back to the original); see also Telxon Corp. v. Bogomolny, 792 A.2d 964, 973 (Del. Ch. 2001) (finding that the amended complaint relates back to the original complaint where "both the derivative action and the direct action belong to the corporation and are prosecuted on its behalf").

Unlike those cases, Plaintiffs' proposed individual and class claims based upon inseparable fraud are distinct from the derivative claims alleged in the original complaint. A claim for inseparable fraud is necessarily a direct claim, as "any injury flowing from the 'inseparable fraud' would be suffered by the shareholders rather than the corporation and any recovery would go to the shareholders rather than the corporation." Countrywide II, 75 A.3d at 896-97; see also In re Massey Energy Co. Derivative and Class Action Litig., 160 A.3d 484, 502 (Del. Ch. 2017) ("Massey II") ("[T]he stockholder's 'claimed direct injury must be independent of any alleged injury to the corporation,' and that the stockholder 'must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation.'" (quoting Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

1031, 1039 (Del. 2004))). In contrast, Plaintiffs' pre-existing claims are derivative in nature, alleging Defendants caused injury to Activision and seeking recovery for the corporation. See Tooley, 845 A.2d at 1036 ("Because a derivative suit is being brought on behalf of the corporation, the recovery, if any, must go to the corporation."); Massey II, 160 A.3d at 504 ("[A]t bottom, the thesis of the Complaint does not involve conduct–fraudulent or otherwise–that caused injury to any stockholder individually or separately from causing harm to the corporation."). The derivative and direct claims Plaintiffs seek to assert may rely upon the same facts, but are still distinct from one another and venue must be assessed separately for each. See Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) ("When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." (quoting Kelly v. Echols, No. CIVF05118AWISMS, 2005 WL 2105309, at *11 (E.D. Cal. Aug. 30, 2005))); see also Dehaemers v. Wynne, 522 F. Supp. 2d 240, 246-49 (D.D.C. 2007) (assessing whether venue is proper for each claim, despite each claim arising from the same set of operative facts). Thus, bifurcation of the claims is appropriate under the forum selection bylaw. See In re Facebook, Inc. S'holder Derivative Priv. Litig., 367 F. Supp. 3d 1108, 1119-22 (N.D. Cal. 2019) (dismissing derivative state law claims based upon forum selection bylaw and forum non conveniens while retaining federal claims).

Based on the foregoing, the Court concludes that Plaintiffs' proposed amendment is futile due to the forum selection bylaw. See Krystal, 2017 WL 6940544, at *7.

### B. Ripeness

Defendants also contend that amendment is futile because Plaintiff's proposed individual and class claims are not ripe. According to Defendants, under Delaware law, shareholder claims for damages resulting from a merger or acquisition are not ripe until after the merger or acquisition is complete. See Tooley, 845 A.2d at 1039 ("The contractual claim is nonexistent until it is ripe, and that claim will not be ripe until the terms of the merger are fulfilled . . . ."); In re Straight Path Commc'ns Inc. Consol. S'holder Litig., No. 2017-0486-SG, 2017 WL 5565264, at *3 (Del. Ch. Nov. 20, 2017) ("[A] dispute will be deemed not ripe where the claim is based on uncertain and contingent events that may not occur, or where future events may obviate the need for judicial intervention." (quoting XL Specialty Ins. Co. v. WMI Liquidating Tr., 93 A.3d 1208, 1217-18 (Del. 2014))). Defendants argue that Plaintiffs' proposed individual and class claims depend on several speculative events, such as shareholder and regulatory approval, non-modification of the acquisition agreement, and an injury not yet sustained. Defendants point to the proposed SAC's forward looking statements, such as the class definition of "holders of Activision common stock who receive cash consideration in exchange for their Activision shares in connection with the closing of the Proposed Acquisition," and that Kotick "stands to receive a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

$375 million windfall should the Proposed Acquisition close as currently structured." (Opp'n at 18 (quoting Proposed SAC ¶¶ 129, 253), Docket No. 44.)

Plaintiffs counter that the inseparable fraud theory allows for pre-merger pleading of direct, deal-related misconduct that is inseparable from derivative misconduct. However, none of Plaintiffs' cited cases discuss ripeness issues in relation to an inseparable fraud claim. See Ark. Teacher Ret. Sys. v. Caiafa, 996 A.2d 321 (Del. 2010) (noting that acquisition extinguished derivative claims before discussing in dictum whether an inseparable fraud claim could be brought, without mention of ripeness); Countrywide, 75 A.3d at 896-97 (clarifying that an inseparable fraud claim is direct because "the injured parties would be the shareholders who would have post-merger standing to recover damages instead of the corporation" without any mention of ripeness); Massey I, 2011 WL 2176479, at *30 n.199 (assessing whether preliminary injunction of merger appropriate and noting that if inseparable fraud claim does exist, "the plaintiffs can pursue that theory . . . after closing"). Indeed, in Massey I, the court expressed its reluctance to assess inseparable fraud prior to the merger closing, to prevent "hasty, emergency final rulings on such issues, which are traditionally determined after a merger has been consummated." Massey I, 2011 WL 2176479, at *30 n.199. Here, the Court finds Plaintiffs' position is unsupported and unpersuasive. The proposed individual and class claims are not ripe, as they depend upon uncertain future events related to the merger. See In re Straight Path, 2017 WL 5565264, at *3 ("If the merger fails to close, any decision on whether a direct claim has been stated on these facts would be advisory.").

Based on the foregoing, the Court concludes that Plaintiffs' proposed amendment is also futile due to ripeness.[6] See Seider v. City of Malibu, 2021 WL 1535537, at *8.

### C. Failure to State a Claim

Defendants' final argument is that Plaintiffs' proposed individual and class claims do not allege enough facts to support an inseparable fraud claim. "[I]n order to state a claim of inseparable fraud, a plaintiff must plead facts from which it would be reasonably conceivable

---

[6] Plaintiffs also argue that even if their proposed individual and class claims are not ripe, amendment is not futile as the Court may simply stay those claims. See In re Straight Path, 2017 WL 5565264, at *3-4 (imposing a stay rather than dismissing, as the court has "inherent authority to stay rather than dismiss a matter, where [the court] find[s] that litigants' efficiency so requires"). Plaintiffs fail to advance any argument as to why such a stay would be an efficient use of judicial resources. The Court is not inclined to allow Plaintiffs to litter speculative allegations throughout their pleadings in the hope that such claims may one day come to fruition. If the claims become ripe, Plaintiffs may appropriately seek leave to amend at that time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | March 4, 2022 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

that (1) a defendant engaged in serious misconduct before a merger that constitutes a direct claim and (2) the merger must have been 'necessitated' or made 'inevitable' by that misconduct." Massey II, 160 A.3d at 502. Looking to the allegations of the proposed SAC, the Court has its doubts that "no set of facts can be proved under the amendment . . . that would constitute" an inseparable fraud claim. See Malibu Textiles, 2020 WL 2306110, at *3 (quoting B-K Lighting, 2008 WL 11338299, at *3). However, because amendment is futile due to the forum selection bylaw and ripeness issues, the Court need not resolve whether Plaintiffs' proposed SAC fails to state a claim for inseparable fraud.

## Conclusion

For all of the foregoing reasons, the Court denies Plaintiff's Motion for Leave to File Second Amended Verified Derivative and Class Action Complaint. Pursuant to the Order dated January 25, 2022 (Docket No. 38), Defendants have ten (10) days to move to dismiss. Plaintiffs shall file their opposition papers 21 days following filing of the motion(s) to dismiss, and Defendants shall file their reply papers 14 days following filing of the opposition papers.

IT IS SO ORDERED.