UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss Third Amended Verified Shareholder Derivative Complaint filed by defendants Robert A. Kotick, Brian Kelly, Reveta Bowers, Robert Corti, Hendrik Hartong III, Barry Meyer, Robert Morgado, Peter Nolan, Dawn Ostroff, and Casey Wasserman ("Defendants") and nominal defendant Activision Blizzard, Inc. ("Activision"). (Docket No. 96.) Plaintiffs Luke Kahnert and Boyan Gigov ("Plaintiffs") filed an Opposition (Docket No. 102), and Defendants filed a Reply (Docket No. 107). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

## I. Background

Plaintiffs, who are Activision shareholders, bring the Third Amended Verified Shareholder Derivative Complaint ("TAC") against Defendants, who are former or current members of Activision's Board of Directors,[1] for allegedly failing to fulfill fiduciary duties and misleading investors. In addition to being a director, Kotick is also the longstanding CEO of Activision. With the exception of Kelly and Kotick, Defendants served on board committees with additional responsibilities. Corti, Hartong, Morgado, and Nolan served on the Board's Audit Committee, which is responsible for assessing and managing Activision's exposure to risk. Meyer, Nolan, Morgado, and Wasserman served on the Nominating and Governance Committee ("Governance Committee"), which is responsible for overseeing risks associated with environment, social and governance ("ESG") matters. Bowers, Morgado, Wasserman, and Ostroff served on the Board's Compensation Committee, which is responsible for overseeing recruiting efforts and setting compensation.

---

[1] Defendants Hendrik Hartong III and Casey Wasserman are no longer directors. (TAC ¶¶ 26, 31.) New directors Lulu Cheng Meservey and Kerry Carr are not named as defendants. (Id. ¶¶ 33-34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

With approximately 9,500 employees, several successful IP franchises, and three reportable business subsidiaries,[2] Activision is a leading developer and distributor of video game content and services. Despite that success, Plaintiffs have alleged that Activision cultivated a hostile work environment and an endemic "frat house" culture, leading Activision's employees to suffer from sexual harassment, physical assault, sex discrimination, and improper supervisor-subordinate relationships. Plaintiffs have also alleged that Activision encouraged abundant alcohol consumption, protected executives rather than victims, and retaliated against complainants. Though certain reporting mechanisms disclosed these violations, Defendants allegedly failed to reasonably react and fix the problems. These conditions eventually led to a series of government investigations by California's Department of Fair Employment and Housing ("DFEH"), the United States Securities and Exchange Commission ("SEC"), and the United States Equal Employment Opportunity Commission ("EEOC").

In their TAC, Plaintiffs focus primarily upon allegations of unlawful gender discrimination and retaliation stemming from the DFEH investigation. The DFEH has discretion to investigate employers with a wide range of discovery tools and may seek redress on behalf of a group through the filing of a Director's administrative complaint. The TAC also alleges that receiving a DFEH Director's administrative complaint is noteworthy for companies, though it rarely leads to the filing of a civil action following mediation attempts. Here, between October 12, 2018 and December 7, 2018, DFEH served Activision with three Director's administrative complaints (collectively, the "DFEH Director's Complaint"), that alerted Activision to DFEH's investigation of potential gender discrimination and retaliation claims. On June 24, 2021, DFEH served Activision with a cause finding that its investigation revealed Activision had engaged in discrimination and, on July 20, 2021, DFEH initiated a civil action (the "DFEH Action"). In the DFEH Action, it is alleged that pay disparities affected 2,500 women employees, who were underpaid an average of $16,000 per year, that women were discriminated against due to pregnancy, and that Activision regularly retaliated against women employees that complained of unfair conditions. According to Plaintiffs, Defendants knew of these "red flags" of illicit activity yet chose to ignore them contrary to their fiduciary duties, as confirmed by the DFEH determination that effective remedial steps had not been taken upon the filing of an amended complaint on August 23, 2021 in the DFEH Action.

The TAC also discusses several of Activision's outward facing statements, focusing specifically upon Activision's 2020 and 2021 Proxy Statements and Activision's June 16, 2022 Form 8-K. Within the 2020 and 2021 Proxy Statements, Defendants sought re-election and an

---

[2] The three subsidiaries are: Activision Publishing, Inc. ("Activision Publishing"), Blizzard Entertainment, Inc. ("Blizzard"), and King Digital Entertainment ("King").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

advisory vote on executive compensation. Plaintiffs allege that several aspects of the 2020 and 2021 Proxy Statements were false and misleading, as Defendants concealed Activision's ongoing legal issues and the government investigations, and that Defendants are responsible for that content because they either directly participated in soliciting votes, drafting, or signing the statements. Plaintiffs allege that these misstatements and omissions were material to shareholders, and that Defendants knew the statements were false at the time they were made based on the ongoing internal reporting and government investigations. Plaintiffs also point to the June 16, 2022 Form 8-K, which they allege is an admission that Defendants failed to meaningfully review Activision's internal controls until that time, that Activision had deficient internal controls, and that Activision did not follow best practices despite the statements it did so set forth in the 2020 and 2021 Proxy Statements.

The TAC asserts two causes of action: (1) Breach of Fiduciary Duties; and (2) Violations of Sections 14(a) and 20(a) of the Exchange Act. The Court dismissed Plaintiffs' complaint with leave to amend twice. In each instance, the Court found that Plaintiffs had failed to comply with the demand requirements or otherwise demonstrate that demand was futile. (See Order, Docket No. 63; Order, Docket No. 86.) Now, Plaintiffs contend that demand is futile because a majority of Defendants face a substantial likelihood of liability for the breach of fiduciary duties in connection with their oversight and disclosure responsibilities. Defendants move to dismiss on the grounds that Plaintiffs' TAC fails to plead facts establishing demand futility or facts sufficient to state a claim for relief.

## II.     Request for Judicial Notice

Defendants request the Court take judicial notice of certain publicly available documents and documents referred to in the TAC. (See Req. for Judicial Notice, Docket No. 96-14.) These documents include court filings in the DFEH Action, court filings in the EEOC Action, Activision's SEC filings, and internal materials referred to within the TAC. In ruling on a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested and the complaint necessarily relies on them. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). A court may also judicially notice matters of public record. Id. at 689. Courts routinely find SEC filings, as well as press releases, earnings calls, and other information made available to the market to be matters of public record, regardless of whether it was referenced in the complaint. See Dreiling v. Am. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006); Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999); In re Hansen Nat. Corp. Sec. Litig., 527 F. Supp. 2d 1142, 1149 (C.D. Cal. 2007). Plaintiffs do not oppose judicial notice of the documents, but argue that the Court should not take judicial notice of the "truth of the facts recited therein," see Lee, 250 F.3d at 690, and should not take judicial notice to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

extent Defendants: (1) do not specify what information from each document should be noticed, (2) ask the Court to look beyond the "four-corners" of the TAC, and (3) ask the Court to make factual determinations, see Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). In accordance with the foregoing, the Court finds that the requested documents are properly judicially noticed, but does not accept them for the truth of the matters asserted therein. See Asner v. SAG-AFTRA Health Fund, 557 F. Supp. 3d 1018, 1024 (C.D. Cal. 2021).

### III.   Legal Standard

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the

Case 2:21-cv-08968-PA-JEM Document 112 Filed 01/17/23 Page 5 of 11 Page ID #:4815

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## IV. Discussion

Defendants contend that Plaintiffs' claims must be dismissed because Plaintiffs have again failed to adequately plead demand futility. Defendants also attack the sufficiency of Plaintiffs' allegations. The Court considers both arguments in turn.

### A. Demand Futility

Derivative suits allow shareholders to bring suit to enforce a corporate cause of action, but to do so, shareholders "must first demand action from the corporation's directors or plead with particularity the reasons why demand would have been futile." See Rosenbloom v. Pyott, 765 F.3d 1137, 1147-48 (9th Cir. 2014). Plaintiffs do not allege an effort to demand action from Defendants and instead plead demand would have been futile. Federal Rule of Civil Procedure 23.1 provides the relevant pleading standard[3/] and the substantive law of the state of incorporation is used to determine whether demand was futile. Id. Here, Activision is incorporated in Delaware, so Delaware law applies.

In Delaware, demand is futile if, "on a director-by-director basis," a majority of the board (1) "received a material personal benefit from the alleged misconduct"; (2) "faces a substantial likelihood of liability on any of the claims"; or (3) "lacks independence." United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg, 262 A.3d 1034, 1059 (Del. 2021). Though ordinarily such a director-by-director analysis is proper, courts allow group pleadings where claims allege uniform Board knowledge and conduct. See Rosenbloom, 765 F.3d at 1151 n.13 ("When appropriate, courts may evaluate demand futility by looking to the whole board of directors rather than by going one by one through its ranks." (citing In re Pfizer Inc. S'holder Derivative Litig., 722 F. Supp. 2d 453, 461 (S.D.N.Y. 2010)));

---

[3/] Rule 23.1(b) states, in relevant part, that Plaintiff must "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

Shaev v. Baker, No. 16-cv-05541-JST, 2017 WL 1735573, at *10 n.8 (N.D. Cal. May 4, 2017) ("Because Plaintiffs allege that the Board as a whole or specific committees within the Board had knowledge . . . the Court does not evaluate demand futility on a director-by-director basis." (citing Rosenbloom, 765 F.3d at 1151 n.13)). Here, Plaintiffs assert that a majority of the board faces a substantial likelihood of liability for lack of oversight and misleading Proxy statements.

### 1. No Substantial Likelihood of Liability for Oversight Failures

Plaintiffs' primary argument for demand futility is that Defendants face a substantial likelihood of liability for oversight failures, otherwise known as a Caremark claim. Under a Caremark claim, "imposition of liability requires a showing that the directors knew they were not discharging their fiduciary obligations. Where directors fail to act in the face of a known duty to act, thereby demonstrating a conscious disregard for their responsibilities, they breach their duty of loyalty by failing to discharge that fiduciary obligation in good faith." Stone ex rel. AmSouth Bancorporation v. Ritter, 911 A.2d 362, 370 (Del. 2006). To succeed, plaintiffs must plead that the directors either "utterly failed to implement any reporting or information system or controls" or "having implemented such a system or controls, consciously failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention." Id.; see also In re Countrywide Fin. Corp. Derivative Litig., 554 F. Supp. 2d 1044, 1077 (C.D. Cal. 2008) (stating that liability exists where there is "a 'lack of good faith as evidenced by a sustained or systemic failure . . . to exercise reasonable oversight,' or an intentional failure 'to act in the face of a known duty to act, demonstrating a conscious disregard for his duties'" (internal citations omitted)). Plaintiffs do not argue a claim under Caremark's first prong, but instead challenge that Defendants failed to adequately monitor or oversee the existing mechanisms. (See Opp'n at 1.)

Under Caremark's second prong, Plaintiffs must plead that the Defendants "knew about 'red-flags' alerting them to corporate misconduct and 'consciously failed to act after learning about evidence of illegality.'" Firemen's Ret. Sys. of St. Louis v. Sorenson, No. 2019-0965-LWW, 2021 WL 4593777, at *13 (Del. Ch. Oct. 5, 2021) (quoting Louisiana Mun. Police Emp.'s Ret. Sys. v. Pyott, 46 A.3d 313 (Del. Ch. 2012)); see also In re Clovis Oncology, Inc. Derivative Litig., No. 2017-0222-JRS, 2019 WL 4850188, at *13 (Del. Ch. Oct. 1, 2019) ("Plaintiffs must well-plead that a 'red flag' of non-compliance waived before the Board Defendants but they chose to ignore it."); Lebanon Cnty. Emp.'s Ret. Fund v. Amerisourcebergen Corp., No. 2019-0527-JTL, 2020 WL 132752, at *20 (Del. Ch. Jan. 13, 2020) ("If directors learn of information that would put them on notice of a threatened corporate trauma—the proverbial red flag—then they must take action in good faith to address it. A claim that directors had notice of serious misconduct and simply brushed it off or otherwise failed to investigate states a claim for breach of duty.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

Within the TAC, Plaintiffs contend that the DFEH Action and investigation provided a litany of red flags for Defendants to act upon, yet Defendants took no meaningful or tangible action to remedy pay disparity or retaliation issues at Activision. Plaintiffs argue that Defendants were on notice of potential massive liability for gender discrimination and retaliation claims, which thereby required more rigorous oversight efforts. See Clovis, 2019 WL 4850188, at *13 ("As Marchand makes clear, when a company operates in an environment where externally imposed regulations govern its 'mission critical' operations, the board's oversight function must be more rigorously exercised."). Plaintiffs then argue that, despite that knowledge, Defendants chose not to address the issues, citing the DFEH's allegations that Activision failed to implement remedial responses. (See TAC ¶¶ 146-56.) Plaintiffs also allege Defendants never requested an analysis of gender discrimination or retaliation claims and chose not to challenge the adequacy of the DFEH's investigation into gender discrimination claims, which Plaintiffs argue is further evidence of bad faith inaction. (Opp'n at 18-19.) Plaintiffs contend these issues were corroborated by various media reports, employee statements, and two specific incidents of gender discrimination and retaliation. (Opp'n at 20-21.) Plaintiffs then address Activision's document production, which they argue reveals no "action in good faith" to fix issues because the documents show only preexisting controls in need of significant upgrades to meet best practices and that were wholly ineffective, a "meager" response to gender discrimination and retaliation, and no attempt to assess existing controls or implement new controls to prevent further issues. (Opp'n at 22-24.)

Despite Plaintiffs' focus on narrower pay disparity and retaliation issues, the Court finds that the TAC fails to plead facts plausibly showing Defendants face a substantial likelihood of liability for their oversight efforts. Directors can act in bad faith where they "knowingly or recklessly disregard[] illegal activity . . . especially when the alleged wrongdoing is of substantial 'magnitude and duration.'" See In re Pfizer Inc. S'holder Derivative Litig., 722 F. Supp. 2d 453, 460 (S.D.N.Y. 2010). However, "Delaware courts routinely reject the conclusory allegation that because illegal behavior occurred, internal controls must have been deficient, and the board must have known so." Desimone v. Barrows, 924 A.2d 908, 940 (Del. Ch. 2007). Here, the TAC's allegations show that Activision had a working oversight system in place, that Defendants received compliance updates on potential issues, and that Activision had programs to combat illegal activity. (TAC ¶¶ 152-56; see also Mot. Exs. I-J.) Plaintiffs hinge a great deal of their argument on continuing violations, arguing there was a delay between the DFEH Action and investigation and any response by Defendants. Continuing violations do not automatically give rise to an inference of bad faith indifference. See Pettry on behalf of FedEx Corp. v. Smith, No. CV 2019-0795-JRS, 2021 WL 2644475, at *8 (Del. Ch. June 28, 2021), aff'd, 273 A.3d 750 (Del. 2022) ("[T]he entire Board and the Audit Committee were kept apprised of the ongoing enforcement actions from inception through settlement. . . . The Board's level of engagement during this time period does not support an inference of bad faith indifference . . . ."). Though Plaintiffs allege violations continued occurring, there are no facts showing Defendants knew

Case 2:21-cv-08968-PA-JEM   Document 112   Filed 01/17/23   Page 8 of 11   Page ID #:4818

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

their internal controls were deficient. See Desimone, 924 A.2d at 940 ("[T]o predicate a substantial likelihood of director liability . . . a plaintiff must plead the existence of facts suggesting that the board knew that internal controls were inadequate, that the inadequacies could leave room for illegal or materially harmful behavior, and that the board chose to do nothing . . . ."). Plaintiffs' argument that, in hindsight, Defendants could have done more is insufficient. See Pettry, 2021 WL 2644475 at *9 ("To the extent the focus is on the manner and timing of the Board's response, that focus misses the mark for a Caremark claim."). Plaintiffs also mistakenly emphasize that Defendants have not produced evidence of a good faith response, as the burden is on Plaintiffs to plausibly allege bad faith activity. See, e.g., Horman v. Abney, No. 12290–VCS, 2017 WL 242571, at *10 (Del. Ch. Jan. 19, 2017) ("That the Plaintiffs did not turn up any Board documents specifically referencing continued compliance . . . is not sufficient to allege that . . . the Board was simply going through the motions when overseeing compliance.").

Based on the foregoing, the Court finds that Plaintiffs fail to establish that Defendants face a substantial likelihood of liability under a Caremark claim.

### 2. No Substantial Likelihood of Liability Based on Misleading Proxy Statements

Plaintiffs next argue that Defendants face a substantial likelihood of liability for disseminating false and misleading statements in the 2020 and 2021 Proxy Statements. When a board of directors seeks shareholder action, such as through a proxy statement, there is a fiduciary duty to disclose material information. Malone v. Brincat, 722 A.2d 5, 9 (Del. 1998); Arnold v. Soc'y for Sav. Bancorp, Inc., 650 A.2d 1270, 1277 (Del. 1994). "As with the breach of fiduciary duty claims, 'to establish a threat of director liability based on a disclosure violation, plaintiffs must plead facts that show that the violation was made knowingly or in bad faith.'" Shaev, 2017 WL 1735573, at *15 (quoting In re Citigroup Inc. S'holder Derivative Litig., 964 A.2d 106, 133-34 (Del. Ch. 2009)).

Here, Plaintiffs contend that the 2020 and 2021 Proxy Statements "materially misrepresented the state of gender equity at Activision—including with respect to pay and promotion." (Opp'n at 25.) Plaintiffs allege these false statements included that Activision was "fostering an inclusive culture where employees feel valued and heard, and a sense of belonging is mission critical," that "[d]iversity and inclusion" was a "strategic priority," that the "Board continues to monitor emerging best practices in corporate governance and adopts measures when it determines them to be in the best interests of our stakeholders," that Activision "follow[s] best practices in corporate governance—not just among our peer group, but in the market generally," and that "[s]ince 2016, the number of women in our game development leadership roles has more than doubled. The promotion rates for minorities and non-minorities are identical, and the

Case 2:21-cv-08968-PA-JEM Document 112 Filed 01/17/23 Page 9 of 11 Page ID #:4819

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

promotion rate for women is slightly higher than the promotion rate for men." (See Opp'n at 25-26 (quoting TAC ¶¶ 175-78).) Plaintiffs argue that these statements were intentionally misleading, as they omitted material facts that Activision failed to ensure compliance with anti-discrimination and anti-retaliation laws, did not disclose the DFEH investigation, and did not acknowledge that Activision failed to follow best practices. Plaintiffs then argue that there is a direct connection to Defendants, as Kotick signed the 2020 Proxy Statement, Kotick and Kelly signed the 2021 Proxy Statement, members of the Audit Committee participated directly in drafting the 2020 and 2021 Proxy Statements, and the entire Board approved and submitted the Proxy Statements to shareholders.

The Court finds that Plaintiffs fail to plausibly allege a substantial likelihood of liability based on the 2020 and 2021 Proxy Statements, for the same reasons the Court previously identified. (See Order at 9-11, Docket No. 86; Order at 10-13, Docket No. 63.) First, Plaintiffs do not allege with particularity which Defendants are responsible for which of the challenged statements. See Citigroup, 964 A.2d at 134 ("Plaintiffs do not allege facts suggesting that the director defendants prepared the financial statements or that they were directly responsible . . . . The Complaint merely alleges . . . that the director defendants reviewed the financial statements pursuant to their responsibilities."); Behrmann v. Brandt, No. 19-772-RGA, 2020 WL 4432536, at *16 (D. Del. July 31, 2020) ("[A]pproving public filings or signing . . . is not enough to establish a substantial likelihood of liability, absent specific allegations of the Director Defendants' direct role in preparing such disclosures."); In re Danaher Corp. S'holder Derivative Litig., 549 F. Supp. 3d 59, 69 (D.D.C. 2021) ("'Pleading that the director defendants "caused" or "caused or allowed" the company to issue certain statements is not' particularized enough to excuse demand.").

Second, Plaintiffs fail to successfully allege an actionable false or misleading statement. Several of the challenged statements are "inherently aspirational" and not "objectively verifiable," such as Activision attempting to foster a sense of belonging, making diversity and inclusion a strategic priority, and monitoring or following best practices. See Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co., 845 F.3d 1268, 1276 (9th Cir. 2017) ("The aspirational nature of these statements is evident. They emphasize a desire to commit to certain 'shared values' . . . and provide a 'vague statement[] of optimism,' not capable of objective verification."); Kang v. PayPal Holdings, Inc., — F. Supp. 3d — , 2022 WL 3155241, at *10 (N.D. Cal. Aug. 8, 2022) ("[T]he general statements about compliance at issue here are the kind of corporate puffery that are rarely (if ever) actionably misleading. Essentially all of these statements announce a 'heightened' 'focus' on regulatory issues and that the company 'monitor[s] these areas closely to ensure compliant solutions.'"); Falat v. Sacks, No. SACV 20-1782 JVS (KESx), 2021 WL 1558940, at *6 (C.D. Cal. Apr. 8, 2021) (finding statements that company "'seek[s] to capture diversity in [its] candidates' and 'does not tolerate' harassment or discrimination" to be puffery not objectively verifiable). Plaintiffs also fail to

Case 2:21-cv-08968-PA-JEM Document 112 Filed 01/17/23 Page 10 of 11 Page ID #:4820

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

plausibly allege that the remaining statements, concerning the number of women in leadership roles and promotion rates, were false or that Defendants knew them to be false. Plaintiffs' attempt to allege falsity through the omission of government investigations similarly fails, as Activision did not claim it was not subject to any such investigations. See Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1071 (9th Cir. 2008) (finding that complaint "does not connect the . . . investigations to any false or misleading statement – i.e., some affirmative statement or omission . . . that suggested it was not under any regulatory scrutiny"); In re Lion's Gate Ent. Corp. Sec. Litig., 165 F. Supp. 3d 1, 12 (S.D.N.Y. 2016) (citing In re UBS AG Sec. Litig., No. 07-cv-11225 (RJS), 2012 WL 4471265, at *31 (S.D.N.Y. Sept. 28, 2012), aff'd sub nom., City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173 (2d Cir. 2014) ("Indeed, absent an express prior disclosure, a corporation has no affirmative duty to speculate or disclose uncharged, unadjudicated wrongdoings or mismanagement, illegal internal policies, or violations of a company's internal codes of conduct and legal policies." (internal citations and quotation marks omitted))).

Third, Plaintiffs fail to plead facts showing Defendants made the challenged statements intending to mislead shareholders. See Fisher on Behalf of LendingClub Corp. v. Sanborn, No. 2019-0631-AGB, 2021 WL 1197577, at *20 (Del. Ch. Mar. 30, 2021) ("To sufficiently plead scienter for allegedly misleading omissions, however, Plaintiffs must allege 'a highly unreasonable omission' and facts to support the inference that Defendants either knew that their omissions were misleading . . . or that the potential for misleading . . . was so obvious that Defendants must have been aware of it." (quoting Veal v. LendingClub Corp., No. 18-cv-02599-BLF, 2020 WL 3128909, at *15 (N.D. Cal. June 12, 2020)).

Based on the foregoing, the Court finds that Plaintiffs have failed to establish that any of the Defendants face a substantial likelihood of liability for misleading statements.

### 3. Demand Was Not Futile

In conclusion, the Court finds that Plaintiffs have failed to plausibly allege that any of the Defendants face a substantial likelihood of liability.[4/] See United Food, 262 A.3d at 1059. Consequently, demand was not excused and the TAC must be dismissed pursuant to Rule 23.1. When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

---

[4/] The parties dispute whether demand futility for an amended complaint is assessed relative to the directors serving on the date of the amended complaint or the date of the original complaint. The Court need not address the issue fully, as under either approach Plaintiffs fail to meet their burden.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

amendments, undue prejudice to the opposing party and futility of the proposed amendment." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations and quotations omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th. Cir. 1986)). Further, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint.'" Ecological Rts. Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (internal citations omitted).

Here, the Court previously allowed Plaintiffs to amend and supply new factual allegations. Despite that opportunity, the TAC is comprised of recycled facts and arguments that the Court previously found insufficient. The Court therefore concludes that dismissal without leave to amend is appropriate.

### B. Failure to State a Claim

Defendants also argue that the TAC fails to state a claim under Rule 12(b)(6), and Plaintiffs again argue that they meet Rule 12(b)(6)'s less onerous notice pleading standard because they meet the Rule 23.1 standard. As discussed above, however, Plaintiffs have failed to satisfy the demand futility standard and Plaintiffs' claims fail to satisfy the Rule 12(b)(6) standard for the same reasons. See In re Yahoo! Inc. S'holder Derivative Litig., 153 F. Supp. 3d 1107, 1126 (N.D. Cal. 2015) ("Plaintiffs' claim here repeats verbatim the underlying claim for breach of fiduciary duty that forms the basis of their demand futility claim, discussed above, and the Court's analysis there applies with equal force here."); Ocegueda v. Zuckerberg, 526 F. Supp. 3d 637, 648 (N.D. Cal. 2021) (Section 14(a) claim must plead "(1) a false or misleading declaration of material fact, or (2) an omission of material fact that makes any portion of the statement misleading" and finding similar statements on diversity "are non-actionable puffery or aspirational (and hence immaterial)."). Therefore, dismissal of Plaintiffs' claims under Rule 12(b)(6) without leave to amend is also appropriate.

### Conclusion

For all of the foregoing reasons, the Court dismisses Plaintiffs' TAC without leave to amend. The Court will issue a Judgment consistent with this order.

IT IS SO ORDERED.