UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | February 8, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Intervene and Stay Proceedings filed by proposed intervenors the New York City Employees' Retirement System, New York City Fire Department Pension Fund, New York City Police Pension Fund, New York City Board of Education Retirement System, and Teachers' Retirement System for the City of New York ("Proposed Intervenors"). (Docket No. 110.) Aside from the Motion, no briefing has been filed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the matter is appropriate for decision without oral argument. The Court vacates the hearing scheduled for February 13, 2023, and takes the matter off calendar.

    Plaintiffs Luke Kahnert and Boyan Gigov ("Plaintiffs") are Activision shareholders who brought a shareholder derivative action against defendants Robert A. Kotick, Brian Kelly, Reveta Bowers, Robert Corti, Hendrik J. Hartong, III, Barry Meyer, Robert Morgado, Peter Nolan, Dawn Ostroff, Dennis Durkin, Spencer Neumann, Casey Wasserman, and nominal defendant Activision Blizzard, Inc. ("Defendants"), for allegedly failing to fulfill fiduciary duties and misleading investors. On October 24, 2022, Defendants moved to dismiss the operative complaint (Docket No. 96) and, on January 5, 2023, the Court took the motion to dismiss under advisement (Docket No. 109). On January 16, 2023, the Proposed Intervenors filed their Motion, seeking to intervene in this action to obtain a stay of this Court's ruling on the then-pending motion to dismiss. On January 17, 2023, the Court entered an Order dismissing the action and entered an accompanying Judgment. (See Docket Nos. 112, 113.)

    As a result of this Court's final adjudication of the action, there is no ongoing active case or controversy, making the Motion moot. See Yocha Dehe Wintun Nation v. Newsom, No. 2:19-cv-00025-JAM-AC, 2019 WL 4259755, at *1-2 (E.D. Cal. Sept. 9, 2019) (holding that a motion to intervene is moot following dismissal of the action due to lack of active case or controversy); Co-Investor, AG v. Fonjax, Inc., No. C 08-1812 SBA, 2010 WL 1292767, at *5 (N.D. Cal. Mar. 31, 2010) (holding that "the Court's decision above to grant Co-Investor's motion and dismiss the action with prejudice moots Directors' motion to intervene, since there [is] no longer any action in which to intervene"); see also Cook Inlet Treaty Tribes v. Shalala,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8968 PA (JEMx) | Date | February 8, 2023 |
|---|---|---|---|
| Title | Luke Kahnert, et al. v. Robert A. Kotick, et al. | | |

166 F.3d 986, 989 (9th Cir. 1999) ("The twin pillars of standing and 'case or controversy' go to the heart of Article III jurisdiction. The corollary to these principles is that federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists."); United States v. Ford, 650 F.2d 1141, 1142-43 (9th Cir. 1981) (finding appeal of denial of motion to intervene, after dismissal of underlying action, "would be fruitless"). Accordingly, the Court denies the Motion.

    IT IS SO ORDERED.